State, Van Houten, pros., v. Mayor, &c., of Paterson.

---

THE STATE, ADRIAN R. VAN HOUTEN ET AL., v. THE MAYOR AND ALDERMEN OF THE CITY OF PATERSON.

1. A certificate that the commissioners assessed the cost of an improvement equitably upon the property fronting on the street, is fatally defective. Assessment set aside.

2. Defect not cured by failure of prosecutors to file objections to the assessment in the office of the superintendent of streets, according to section 124 of charter of 1871.

On *certiorari.* In matter of Totowa avenue.

Argued at November Term, 1874, before Justices VAN SYCKEL and WOODHULL.

For the plaintiffs, *Hilton.*

For the defendants, *A. B. Woodruff.*

The opinion of the court was delivered by

VAN SYCKEL, J. The only question submitted to the consideration of the court in this case is the validity of the assessment for grading a section of Totowa avenue, in the city of Paterson.

The assessment was confirmed January 20th, 1873, and the writ of *certiorari* allowed in the following August. None of the many reasons relied upon by counsel in their argument,

relating to alleged defects in the proceedings prior to the assessment, can be regarded. It was too late, when this writ was sued out, to look behind the assessment.

This assessment does not come up to the requisite legal standard of a valid assessment. The commissioners do not show that they applied any legal rule in making it. They certify that they assessed the cost equitably upon the property fronting on the improvement, without declaring what they deem to be equitable, or in any way showing that they measured the burden by the benefits conferred upon the property. An examination of their figures shows that they assessed each foot of frontage in an equal amount.

The failure of the prosecutors to file objections to the assessment in the office of the superintendent of streets, according to section 124 of the charter of 1871, page 857, cannot cure this radical defect in the method of making the assessment. For the reason stated, it should be set aside, with costs, as to the prosecutors, with leave to the defendants to apply, during the term, to have it set aside as to all parties assessed, if provision is made for a new assessment.

Justice WOODHULL concurred.